IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND


FAYE ANN DAVIS                    :

v.                                :   Civil Action WMN-07-1457

DETECTIVE DAVID MCDERMOTT,        :
 et al.


**MEMORANDUM**

This action arises out of an alleged warrantless and improperly announced search of Plaintiff's home conducted by officers of the Baltimore City Police Department.  Plaintiff asserts that on February 23, 2005, Defendant David McDermott and several other police officers battered down the front door of her residence.[1]  Plaintiff, a 64 year old woman, states that she was struck by the door as it was bashed open, was pushed backward, fell, and was seriously injured when she struck her head on a table.  She alleges further that the officers then destroyed some of her personal belongings and removed other belongings without her permission.

Plaintiff filed this suit in the Circuit Court for Baltimore City.  She named as Defendants Detective McDermott, the Baltimore City Police Department (the BPD), and the Mayor and City Council

---

[1] The Complaint states that the police were looking for a suspect that had moved out of Plaintiff's home at least five years previously.  Compl. ¶ 9.

of Baltimore (the City)[2] and asserted three counts against each Defendant: "Violation of the Maryland Declaration of Rights Article 46" (Count I); "Violation of the United States Constitution (Fourteenth Amendment)" (Count II); and "Physical Injury" (Count III), which appears to be a claim for common law negligence.  Defendants removed the action to this Court and BPD has now filed a motion to dismiss all the claims against it, Paper No. 14, as has the City.  Paper No. 16.[3]

Defendant BPD's first challenge to the Complaint is the assertion that there is no direct cause of action against municipal entities under the Fourteenth Amendment.  See Curtis v. Pracht, 202 F. Supp. 2d 406, 415 n.4 (D. Md. 2002) ("Plaintiff may only bring a cause of action directly under the constitution against federal officials in their individual capacity, not against state police officers or municipalities").  This challenge, of course, is relevant to the other two defendants as well.  As Plaintiff observes, however, the substance of the

---

[2] Plaintiff's identification of the defendants is somewhat confusing.  The caption lists, in addition to McDermott, the "Mayor and City Council of Baltimore [Baltimore City Police Department](BCPD)" and "City of Baltimore."  The body of the Complaint, however, refers to these defendants simply as the "Baltimore City Police Department," Compl. ¶ 3, and the "City of Baltimore."  Compl. ¶ 4.  Defendants assumed, as must the Court, that Plaintiff intended to bring claims against both the BPD and the City.  The City's correct designation is "the Mayor and City Council of Baltimore."

[3] Defendant McDermott has filed an answer.  Paper No. 13.

2

Complaint makes it clear that she was attempting to state a claim under 42 U.S.C. § 1983.  She alleges that her federal constitutional rights were violated "under color and pretense of law," Compl. ¶ 25, and this Court has found similar allegations and language to be "sufficient to put the Defendants on notice that the Plaintiff was bringing a claim against them under § 1983."  Smith-Berch, Inc. v. Baltimore County, 68 F. Supp. 2d 602, 626 (D. Md. 1999).

Assuming Plaintiff properly invokes § 1983, the question becomes whether her Complaint states a cause of action against BPD under § 1983.  It is well settled that "a municipality cannot be held liable solely because it employs a tortfeasor - or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory."  Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 691 (1978) (emphasis in original).  A plaintiff can establish liability against a municipality only by showing that her injury was the result of some official policy or custom of the municipality.  For a governmental "custom" to form the basis of § 1983 liability, the practice must be so "persistent" and "widespread" that, "[a]lthough not authorized by written law, [it] could well be so permanent and well settled as to have the force of law."  Id. at 691.

Here, Plaintiff has alleged no facts in support of any custom or policy that resulted in her alleged injury.  The Complaint contains the bare conclusory allegation that "by

3

actions of [Detective McDermott], unchecked and/or uncorrected by his superiors, or acknowledged and condoned by these superiors, including [BPD] and [the City], Defendants did enforce a custom, policy, and/or procedure upon the Plaintiff that was unconstitutional and inflicted injury upon her . . . ." Complaint at ¶ 24.  The Complaint provides no hint at what this policy or custom might be, nor does it allege any similar incidents.  While the Supreme Court has made clear that there is no heightened pleading requirement for § 1983 claims and that notice pleading is sufficient, Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993), this Court has recently noted, "[b]oilerplate allegations of a municipal policy, entirely lacking in any factual support that a city policy does exist, are insufficient." Boliek v. Frendlich, Civ. No. 04-3655, 2005 WL 1363980 at *6 (D. Md. June 7, 2005).  See also Chin v. City of Baltimore, 241 F. Supp. 2d 546, 549 (D. Md. 2003) (dismissing § 1983 claims against BPD and "declin[ing] to accept th[e] invitation" to "infer, from one event, that [BPD] itself caused the alleged constitutional wrong."); Rosario v. Miami-Dade County, 490 F. Supp. 2d 1213, 1225 (S.D. Fla. 2007)(holding that "the simple mention of 'policy and/or custom' is not enough, for a plaintiff must do something more than simply allege that such an official policy exists"); Grier v. State of Florida, Civ. No. 04-914, 2005 WL 1073932 at *3 (M.D. Fla. April 18, 2005)("a bald and conclusory statement

4

cannot support a complaint nor give the City notice as to what claims they are defending against").

Accordingly, the Court will dismiss Count II as against BPD.

As to Counts I and III, BPD argues that, because it is an agency of the State of Maryland, it enjoys the State's common law sovereign immunity protection from these state law claims.  Mot. at 4.  While perhaps surprising to the layperson, BPD's status as an agency of the State of Maryland is well established.  See Baltimore Police Dept. v. Cherkes, 780 A.2d 410, 427 (Md. Ct. Spec. App. 2003).  BPD's entitlement to sovereign immunity from actions for damages based on state common law or state constitutional suits is also well established.  Id.; Chin, 241 F. Supp. 2d at 548-49 (dismissing state law claims against BPD on sovereign immunity grounds); Maryland State Conf. of NAACP Branches v. Baltimore City Police Dept., Civ. No. 06-1863, 2006 WL 3626898 at *2 (D. Md. Dec. 1, 2006) ("there appears to be little dispute that BPD is entitled to sovereign immunity from claims for monetary damages . . . under state law").

Relying on the Supreme Court's decision in Lapides v. Board of Regents, 535 U.S. 613 (2002), Plaintiff contends that, by removing this action from state court to federal court, BCPD has waived its immunity.  Opp. at 5-6.  The Supreme Court did hold in Lapides that the removal of a case from state to federal court, by a state, would result in the waiver of that state's Eleventh Amendment immunity.  535 U.S. at 624.  In Lapides, the plaintiff brought suit against the State of Georgia in a Georgia state

court.  While conceding that a state statute had waived sovereign immunity from state-law suits in its own state courts, the State of Georgia argued, after removal, that it was immune from suit under the Eleventh Amendment now that the case was in federal court.  Observing that the adoption of Georgia's argument would result in inconsistent results and would permit states to achieve unfair tactical advantage, the Supreme Court held that Georgia's Eleventh Amendment immunity was waived by removal.  535 U.S. at 621.

The Supreme Court noted, however, that it was not addressing "the scope of waiver by removal in a situation where the State's underlying sovereign immunity from suit had not been waived or abrogated in state court."  Id. at 617-18.  That question - "whether a state waives its sovereign immunity by voluntarily removing an action to federal court when it would have been immune from the same action in state court" - was taken up by the Fourth Circuit a few years later in Stewart v. North Carolina, 393 F.3d 484, 487 (4th Cir. 2005).  Noting that the same issues of inconsistency or tactical advantage were not present where the State of North Carolina was not seeking "to regain immunity that it had abandoned previously," the court held that "North Carolina, having not already consented to suit in its own courts, did not waive sovereign immunity by voluntarily removing the action to federal court for resolution of the immunity question." 393 F.3d at 490 (emphasis in original).

Because BPD would have been immune from suit had this case

6

remained in state court, BPD's entitlement to immunity is governed by Stewart, not Lapides.  Under Stewart there was no waiver-by-removal and Counts I and III must be dismissed as against BPD.

These same two counts must be dismissed as against the City as well.  As Plaintiff acknowledges, for the City to be liable for the actions of Defendant McDermott, McDermott must have been acting as an agent of the City.  Opp. at 1-4.  Courts have consistently held, however, that "the Baltimore City government does not wield enough control over the Baltimore Police Department to be subject to liability for the Baltimore Police Department's actions."  Chin, 241 F. Supp. 2d at 549; see also Clea v. Mayor and City Council of Baltimore, 541 A.2d 1303, 1306 (Md. 1988) (holding that, "as a matter of Maryland law, no liability ordinarily attaches to Baltimore City under the doctrine of respondeat superior for the torts of Baltimore City police officers acting within the scope of their employment").

As to the § 1983 claims against the City, BPD's status as an agency of the state is not determinative.  Courts have held that, for federal law liability, BPD "might well be regarded as a local government agency."  Clea, 541 A.2d at 670 n.5; see also Hector v. Weglein, 558 F. Supp. 194, 197-99 (D. Md. 1982).  Plaintiff's § 1983 claim against the City, however, fails for the same reason as the § 1983 claim against BPD fails.  The Complaint contains insufficient allegations of custom or policy to give rise to municipal liability.  See, supra.

7

    For all of the above stated reasons, Plaintiff's claims against BPD and the City will be dismissed.  A separate order will issue.

                                                        _____/s/_____  
                                                        William M. Nickerson  
                                                        United States District Judge

Dated: September 21, 2007.